```
               IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

FILED
03 JUL 17 AM 8:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHIRELY SANSING, individually
and as Administrator of the Estate
of Jerry M. Sansing,            )

    PLAINTIFF,                  )

VS.                             )    CV-02-H-1722-S

CNA INSURANCE COMPANY,          )

    DEFENDANT.                  )

ENTERED
JUL 17 2003

### MEMORANDUM OF DECISION

The Court has before it the April 1, 2003 motion of defendant Continental Casualty Company ("Continental") for summary judgment. Pursuant to the Court's April 3, 2003 order, the motion was deemed submitted, without oral argument, on May 1, 2003.

### I. Procedural History

Plaintiff Shirley Sansing, individually and as Administrator of the Estate of Jerry M. Sansing, commenced this action on May 30, 2002 by filing a complaint in the Circuit Court of Jefferson County, Alabama alleging denial of coverage and the nonpayment of the proceeds of an insurance policy. The case was removed to the Northern District of Alabama on July 15, 2002. Defendant's April 1, 2003 motion for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's

23

claims. Defendant also filed memorandum and evidence[1] in support of its motion on April 17, 2003 and April 10, 2003, respectively. Plaintiff, individually and as administrator of the estate of Jerry Sansing, filed a response brief and evidence[2] in opposition to the motion on May 15, 2003. The defendant filed a rely brief on June 6, 2003.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000)  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine

---

[1] Defendants submitted the following evidence: a certified copy of Continental's Accidental Death Policy along with attendant certificate of insurance; excerpts of the deposition of Shirley Sansing and exhibits; excerpts of the deposition of Barbara Trottier. Defendant submitted the following supplemental evidence on April 17, 2003: complete copy of Continental's claims file for this case; deposition of Shirley Sansing.

[2] Plaintiff submitted the following as evidence: deposition of Barbara Trottier.

issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Chapman, 229 F.3d at 1023; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Chapman, 229 F.3d at 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Chapman, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward

with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the

4

movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

Continental Casualty Company[3] issued a group accidental death policy to Financial Services Association insuring eligible customers of Southtrust Bank. (See Trottier Depo. at 19-21; 48-49.) Jerry Sansing, a customer of Southtrust Bank, was eligible to enroll for the accidental death coverage to the extent of $1,000 without having to pay any premium. (See id at 32-33.)

Subsequently, Jerry Sansing purchased $250,000 of additional accidental death benefit coverage from Continental for a quarterly premium of $123.75. (See Policy, Def. Evid. Sub. Ex. A.)  The policy became effective on February 1, 1998. (See

---

[3] Defendant's "Answer" and "Notice of Removal" note that plaintiff incorrectly designated Continental Casualty Company as "CNA Insurance Company" in the complaint and all subsequent filings. The court notes that the proper defendant is identified in this action as Continental Casualty Company.

Policy, Def. Evid. Sub. Ex. A.) Both the certificate of insurance[4] and policy of insurance[5], which included terms of coverage for air travel, specifically excluded any and all coverage for flying/piloting a personal plane. (See Policy & Certificate, Def. Evid. Sub. Ex. A.)  Sometime in the fall or winter of 1997, Jerry Sansing telephoned in her presence someone he told her was a Continental representative to determine whether a loss suffered during the operation of his private aircraft would be covered.[6] (See Shirley Sansing Depo. at 42-45.) Both the

---

[4] "Air Travel Coverage: Air travel coverage under the policy is provided while riding as a passenger, and not as a pilot or crew member, in any aircraft being used for the transportation of passengers." (See Certificate, Def. Evid. Sub. Ex. A) "Exclusions: This coverage does not provide for any loss caused by or resulting from:...(2)Riding in any vehicle or device for aerial navigation, except as provided under "Air Travel Coverage." (See id.)

[5] "Air Travel Coverage: Air travel coverage under this policy is provided while riding as a passenger, and not as a pilot or crew member, in any aircraft being used for the transportation of passengers." (See Policy, Def. Evid. Sub. Ex. A.) "Exclusions: This policy does not cover any loss caused by or resulting from: (1) Riding in any vehicle or device for aerial navigation except as provided under "Air Travel Coverage..." (See id.)

[6] Shirley Sansing testified in her deposition that she was not a party to this conversation but did overhear what her husband said to the Continental insurance representative. (See Sansing Depo. at 42-45.) Mrs. Sansing also testified that after her husband finished his conversation with the agent, he repeated to her what the representative told him, telling her the agent in essence assured him he was covered despite the air travel policy. (See Sansing Depo. at 44-45.)
   This case was filed under diversity jurisdiction and as such is governed by the substantive law of Alabama. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  Despite plaintiff's adamant

Certificate of Insurance and the Policy of Insurance clearly state (1) no policy can be changed without a written change and (2) no agent had the right or authority to change or alter any provisions of the policy. (See Def. Evid. Sub. Ex. A.) Unfortunately, Jerry Sansing was killed on October 7, 2001 in a plane accident in which Mr. Sansing, as the sole occupant and pilot of a private plane, crashed his plane and sustained fatal injuries. (See Bibb County Accident Report and Alabama Certificate of Death, Def. Evid. Sub. Ex. D.) Shirley Sansing initiated a claim for the potential benefits available to her under the Continental death policy her husband purchased, and her claim was denied by Continental based upon the policy language for air travel exclusions. (See CNA Letter 11/28/01, Def. Supp. Evid. Sub. Ex. D.) Shirley Sansing commenced an action on behalf of the estate and individually for refusal to pay benefits under a life insurance policy. (See Compl.)

---

belief that the Continental agent assured coverage to her husband, plaintiff's testimony is simply inadmissible as hearsay under FRE 802. Further, plaintiff is not a competent witness to testify as to the alleged telephone conversation under FRE 601 and the Alabama Dead Man's Statute, Alabama Code §12-21-163.
    In this case, Shirley Sansing, as the named beneficiary, filed individually. She also filed the case as administrator of Jerry Sansing's estate, in which she has an interest as the deceased widow. As such, Shirley Sansing is prohibited from testifying as to any statement made by Jerry to her, specifically, statements regarding the conversation with the Continental agent, and therefore any and all deposition testimony related to this conversation is inadmissible.

## IV. Applicable Substantive Law and Analysis

Plaintiff's complaint contains what seems to be only one claim, non-payment or refusal to pay benefits under a life insurance policy and the claim is brought against Continental on behalf of the estate of Jerry Sansing and individually by Shirley Sansing. (See Compl.) Defendant's motion for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's claims against defendant. The Court will address plaintiff's claims jointly.

### Non-Payment/Refusal to Pay

Plaintiff's complaint consists of only four sentences and summarily states plaintiff Shirley Sansing is the beneficiary under a life insurance policy, plaintiff made a claim to collect under that policy, plaintiff was denied coverage and plaintiff was refused payment under the terms of the policy. (See Compl. ¶1-4.) Defendant argues that the plain language of the insurance policy, specifically, the exclusion for piloting personal aircraft, clearly excludes coverage for Jerry Sansing's death as a result of a fatal plane crash and therefore justifies denial of benefits. (See Def. Mem. at 7.)

Under Alabama law, insurance "companies are entitled to have their policy contracts enforced as written, rather than risking their terms to either judicial interpretation or the use of straining language, and the fact that adverse parties [may]

8

contend for different construction does not mean that the disputed language is ambiguous." See Gregory v. Western World Ins. Co. Inc., 481 So.2d 878, 881 (Ala. 1985). In this case, plaintiff neither asserts the policy language is ambiguous nor petitions the court for a different construction of the language of the policy.[7] (See Pl.'s Depo. at 45-46.) Rather, the plaintiff simply contends that despite policy language that clearly excluded coverage, an insurance agent told her husband otherwise. (See Pl.'s Depo. at 43-44.)

As noted earlier, the testimony as offered by plaintiff regarding statements between Jerry Sansing and the Continental agent is inadmissible; likewise, the statements between Jerry Sansing and Shirley Sansing regarding his conversation with the agent are also inadmissible. As such, the court is left with a very precise, clear and unambiguous insurance policy which explicitly excludes coverage for death resulting from an accident involving a personal plane whereby the pilot is the insured.[8] (See Policy and Certificate of Insurance, Def. Evid. Sub. Ex. A.)

---

[7] In fact, plaintiff's response brief to defendant's motion for summary judgement states, " In part A of [defendant's] argument they cite cases which state that an insurance policy is entitled to be enforced according to its terms. The plaintiff does not deny that a body of law exist and in its correct application, would be appropriate." (See Pl.'s Resp. Brief at 3.)(emphasis added)

[8] The exact wording of both the Air Travel Coverage and Exclusions sections is set forth in footnotes 3 and 4 in the Facts of this memorandum.

Jerry Sansing tragically lost his life while piloting his personal aircraft and the Continental Life Insurance policy clearly stated "Air Travel Coverage under this policy is provided while riding as a passenger, and not as a pilot..." (See id.) Under Alabama law, the language of the policy is to be upheld and the court sees no need to vary from this principle. See Green v. Merrill, 308 So.2d 702, 704 (Ala. 1975)(holding it is the duty of the court to take words of insurance policy as they are found). Consequently, this court upholds the language of the policy and Continental's denial of plaintiff's claims.

In summary, the Court finds that no issues of material fact remain, and that defendant's motion for summary judgement is due to be granted. A separate order will be entered.

DONE this 17th day of July, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE